IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOHNNY DOLPH,<br><br>　　　　　　Defendant. | **8:22CR72**<br><br>**ORDER ON<br>INITIAL REVIEW** |
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOHNNY DOLPH,<br><br>　　　　　　Defendant. | **8:22CR79**<br><br>**ORDER ON<br>INITIAL REVIEW** |

On May 26, 2025, defendant Johnny A. Dolph ("Dolph") pleaded guilty (Filing No. 84 in Case No. 8:22CR72) without a plea agreement to Counts I, II, III, and IV of the Indictment in Case No. 8:22CR72 (Filing No. 15 in Case No. 8:22CR72). Counts I and II related to his unlawful possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), (9), 924(a)(2). Counts III and IV charged him with aiding, abetting, counseling, commanding, inducing, and procuring his codefendant's straw purchase of that firearm. *See id.* §§ 922(a)(1)(A), (6), 924(a)(2), and 2.

That same day, Dolph pleaded guilty (Filing No. 115 in Case No. 8:22CR79) to one count of conspiring to tamper with documents or proceedings, one count of tampering with documents or proceedings, two counts of conspiring to assault a witness, and two counts of attempting to assault a witness as charged in the Second Superseding Indictment in Case No. 8:22CR79 (Filing No. 88 in Case No. 8:22CR79). *See* 18 U.S.C. § 1512(a)(2)(c), (c)(1), (k).

On August 17, 2023, the Court sentenced Dolph to a total of 120 months imprisonment on the charges in Case No. 8:22CR72 and a total of 150 months imprisonment on the charges in Case No. 8:22CR79. The sentence in each case runs concurrently to the other. The Court entered judgment in both cases the next day (Filing No. 101 in Case No. 8:22CR72 and Filing No. 148 in Case No. 8:22CR79). Dolph did not appeal.

Before the Court is Dolph's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 126-1 in Case No. 8:22CR72 and Filing No. 220 in Case No. 8:22CR79). Dolph argues his substantial rights have been violated. In particular, he contends his counsel failed to properly investigate his case and did not file an appeal as Dolph directed. In his view, he "is both actually and factually innocent of all 18 USC 1512 sentences." He also asserts that his substantial rights were "violated when he was charged under 18 USC 922 and 924, as 15 USC 7901(a)(1)(2), and (b)(2) is a conflicting statute" that he contends "supercedes the 1968 'Safe Streets Act.'"

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to promptly review Dolph's § 2255 motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.* Otherwise, the Court must order the United States Attorney to respond to the motion or "take other action the judge may order." *Id.*; *see also* 28 U.S.C. § 2255(b).

Dolph's motion, which is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214 (1996), seems to anticipate a potential timeliness issue. *See Holland v. Florida*, 560 U.S. 631, 648 (2010) (recognizing "that AEDPA seeks to eliminate delays in the federal habeas review process"). Under AEDPA, a prisoner generally must file a § 2255 motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Since Dolph did not appeal, his judgment ordinarily would become final when the fourteen-day time to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A) (setting the limit), Fed. R. App. P. 26(a)(1) (providing the method to compute time); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). That deadline past more than a year ago, ostensibly making his motion, which he signed October 27, 2025, and filed November 4, 2025, untimely.

But things are not necessarily that simple. As noted above, Dolph contends his counsel failed to timely file his appeal as directed and asserts he is actually innocent of some of his crimes of conviction. According to Dolph, he has "been waiting on an appeal that was obviously not filed as [he] told [his] lawyer to do so." At the very least, those assertions complicate the Court's analysis of Dolph's § 2255 motion and leave it unable to say at this point that Dolph's motion and the balance of the record in this case "conclusively show that [he] is" not entitled to any relief. *See* 28 U.S.C. § 2255(b). Accordingly, the United States Attorney must therefore answer or otherwise respond to Dolph's motion on or before December 6, 2025. *See id.*

Dated this 7th day of November 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3