IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>JOHNNY A. DOLPH,<br><br>               Defendant. | **8:22CR72**<br><br>**MEMORANDUM<br>AND ORDER** |
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>JOHNNY A. DOLPH,<br><br>               Defendant. | **8:22CR79**<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on defendant Johnny A. Dolph's ("Dolph") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 126-1 in Case No. 8:22CR72 and Filing No. 220 in Case No. 8:22CR79). Also pending before the Court are the government's Motion to Confirm Waiver of Attorney-Client Privilege as to Issues Raised in Defendant's Motion under 28 U.S.C. § 2255 (Filing No. 132 in Case No. 8:22CR72 and Filing No. 227 in Case No. 8:22CR79) and Motion to Dismiss or Deny Defendant's Motion under 28 U.S.C. § 2255 (Filing No. 139 in Case No. 8:22CR72 and Filing No. 234 in Case No. 8:22CR79). For the reasons stated below, the government's motion to dismiss or deny is granted, and Dolph's § 2255 motion is denied. The government's motion to confirm waiver is denied as moot.

## I.    BACKGROUND

On May 26, 2023, Dolph pleaded guilty without a plea agreement (Filing No. 84 in Case No. 8:22CR72) to all four charges against him in the Indictment in Case

No. 8:22CR72 (Filing No. 15).  The first two charges related to his unlawful possession of a firearm.  *See* 18 U.S.C. §§ 922(g)(1), (9), 924(a)(2).  The last two charged him with aiding, abetting, counseling, commanding, inducing, and procuring his codefendant's straw purchase of that firearm.  *See id.* §§ 922(a)(6), 924(a)(1)(A), (2), and 2.

Dolph also pleaded guilty without a plea agreement (Filing No. 115 in Case No. 8:22CR79) to one count of conspiring to tamper with documents or proceedings, one count of tampering with documents or proceedings, two counts of conspiring to assault a witness, and two counts of attempting to assault a witness as charged in the Second Superseding Indictment in Case No. 8:22CR79 (Filing No. 88).  *See* 18 U.S.C. § 1512(a)(2)(c), (c)(1), (k).

On August 17, 2023, the Court sentenced Dolph to concurrent prison terms of 120 months on the charges in Case No. 8:22CR72 and 150 months on the charges in Case No. 8:22CR79.  The Court entered judgment in both cases the next day (Filing No. 101 in Case No. 8:22CR72 and Filing No. 148 in Case No. 8:22CR79).  Dolph did not appeal.

On November 4, 2025, Dolph filed his § 2255 motion, arguing his substantial rights were violated when his appointed counsel, Stuart Dornan ("Dornan"), failed to properly investigate his case and appeal what Dolph sees as "witness tampering" as Dolph directed. In Dolph's view, he "is both actually and factually innocent of all 18 USC 1512 sentences" and is entitled to a change of venue with a resentencing in Lincoln, Nebraska.  In his second ground for relief, he argues his "substantial rights [were] violated when he was charged under 18 USC 922 and 924, as 15 USC 7901(a)(1)(2), and (b)(2) is a conflicting statute" that he contends "supercedes the 1968 'Safe Streets Act.'"  He maintains that as a citizen, he "has a Constitutional right to bear arms" regardless of his prior criminal history.

In response, the government contends Dolph's motion is twice bitten—both untimely and meritless.  In support of the latter, it has provided an affidavit from Dornan

2

in which he swears (Filing No. 140-1 in Case No. 8:22CR72 and Filing No. 235-1 in Case No. 8:22CR79) Dolph never asked or directed him to file an appeal.

## II.   DISCUSSION

### A.   Timeliness and Equitable Tolling

Section 2255 gives federal prisoners a means to collaterally attack their conviction and sentence. *See Jones v. Hendrix*, 599 U.S. 465, 469 (2023). By its terms, § 2255(a) allows a prisoner to challenge a sentence that "was imposed in violation of the Constitution or laws of the United States," exceeds "the maximum authorized by law, or is otherwise subject to collateral attack." The Court will ordinarily hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Lozano v. United States*, 171 F.4th 1025, 1033 (8th Cir. 2026); *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (explaining no hearing is necessary "[i]f it is apparent from the face of the motion and supporting record that [the] petition is untimely").

The first question before the Court is timeliness. Dolph's § 2255 motion is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214 (1996). *See Jones*, 599 U.S. at 469. Under AEDPA, a prisoner generally must file a § 2255 motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *accord Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (en banc); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999). AEDPA's one-year limitation period "promotes judicial efficiency," conserves "judicial resources, safeguards the accuracy of [] court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to [] court judgments within a reasonable time." *Wood v. Milyard*, 566 U.S. 463, 472 (2012) (quoting *Day v. McDonough*, 547 U.S. 198, 205-06 (2006)).

But it is not absolute. *See Odie v. United States*, 42 F.4th 940, 945-46 (8th Cir. 2022). If certain conditions are met, equitable tolling may apply. *Id.* To hit that

3

"exceedingly narrow window of relief," *id.* (quoting *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013)), the prisoner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (explaining that "[a]n attorney's negligence or mistake is not generally an extraordinary circumstance," but "serious attorney misconduct" may fit the bill).

Equitable tolling requires "'reasonable diligence,'" not "'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (first quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996), then quoting *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008)).  A prisoner can show reasonable diligence by acting "as soon as he is in a position to realize that he has an interest in" doing so.  *Johnson v. United States*, 544 U.S. 295, 308 (2005).

Here, Dolph did not appeal, so his August 18, 2023, judgments became final when the fourteen-day deadline to appeal expired.  *See* Fed. R. App. P. 4(b)(1)(A) (setting the limit), Fed. R. App. P. 26(a)(1) (providing the method to compute time); *Anjulo-Lopez*, 541 F.3d at 816 n.2.  That deadline passed long ago, ostensibly making the § 2255 motion that he signed October 27, 2025, and filed November 4, 2025, untimely.  *See Lee v. United States*, 149 F.4th 981, 984 (8th Cir. 2025) (noting "the Supreme Court has defined finality as the conclusion of the availability of direct review").

In attempting to explain why his § 2255 motion should not be time barred, Dolph casts blame to Dornan, asserting that Dolph "*just figured out . . .* Dornan did not file [his] appeal" (emphasis added).  He says he has "been waiting on [his] appeal to be finished to no avail."  He asserts that he did not file his § 2255 motion sooner because he knew he could not file it "while on direct appeal, which [he] thought was still going on."  Dolph's argument misses its mark.

4

Equitable tolling only applies if the petitioner demonstrates "diligence in pursuing the matter." *Martin*, 408 F.3d at 1095.  Dolph has not done that.  Even if the Court assumes Dolph's version of the pertinent facts is true—despite the dearth of evidence to support it—he is still not entitled to any relief.

By his own account, he told Dornan to file an appeal at some unknown time and then did nothing to follow up until another prisoner showed him "[o]n or about October 15, 2025, . . . that no where [sic] in Lexis Nexis law library did it show his attorney filed an appeal, or that any appeal registered under his name."  In other words, he told Dornan to appeal and then sat on his hands for more than two years without following up at all.  He neither contacted Dornan nor checked the court records.  That is not reasonable diligence in the face of extraordinary circumstances.  *See*, *e.g.*, *Anjulo-Lopez*, 541 F.3d at 818 (concluding "the district court did not abuse its discretion in dismissing the petition as time-barred without an evidentiary hearing" because "a duly diligent person in [the defendant's] circumstances would have discovered counsel's failure to notice an appeal well over a year before he filed his motion"); *Martin*, 408 F.3d at 1095 (finding extraordinary circumstances and "the type of egregious attorney misconduct that may excuse an untimely filing" where the defendant's attorney "consistently lied to [the defendant] and his wife about the filing deadline; repeatedly lied to [them] about the status of [the defendant's] case; refused to communicate with [the defendant] or his family; neglected to file any documents, belated or not, on [the defendant's] behalf; and failed to return any of [the defendant's] paperwork to him despite repeated requests and then demands"); *cf. Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013) (concluding the defendant's allegations did "not come close to" warranting equitable tolling where he claimed that his attorney "initially stated she would file [a] motion on his behalf and then quit communicating with him").

## B.    No Certificate of Appealability

Before Dolph can appeal the Court's denial of his § 2255 motion, he must obtain "a certificate of appealability."  28 U.S.C. § 2253(c)(1)(B); *accord* Fed. R. App. P. 22(b)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To obtain such a certificate "[w]hen

5

the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Dolph has not made either showing, the Court will not issue a certificate of appealability. *See id.*

Based on the foregoing,

IT IS ORDERED:

1.  The government's Motion to Dismiss or Deny Defendant's Motion under 28 U.S.C. § 2255 (Filing No. 139 in Case No. 8:22CR72 and Filing No. 234 in Case No. 8:22CR79) is granted.

2.  Defendant Johnny A. Dolph's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 126-1 in Case No. 8:22CR72 and Filing No. 220 in Case No. 8:22CR79) is denied.

3.  The government's Motion to Confirm Waiver of Attorney-Client Privilege as to Issues Raised in Defendant's Motion under 28 U.S.C. § 2255 (Filing No. 132 in Case No. 8:22CR72 and Filing No. 227 in Case No. 8:22CR79) is denied as moot.

4.  The Court will not issue a certificate of appealability.

5.  A separate judgment will be entered accordingly.

Dated this 22nd day of May 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

6